# United States District Court
# District of Massachusetts

| | |
|---|---|
| **CHRISTIAN GALLAGHER,**<br>Plaintiff,<br><br>v.<br><br>**DEBRA GALLAGHER**<br>Defendant. | **CIVIL ACTION**<br>**No. 12-40027-TSH** |

**MEMORANDUM AND ORDER ON DEFENDANT DEBRA GALLAGHER MOTION TO DISMISS RULE 12(B)(6)(Docket No. 4)**
**February 26, 2013**

**HILLMAN, D.J.**

## Background

Plaintiff, Christian Gallagher ("Plaintiff" or "Christian") has filed a Complaint (Docket No. 1) against Debra Gallagher ("Defendant") seeking an Order and/or declaratory judgment enforcing his right to any and all benefits as the sole named beneficiary under the 401K retirement fund ("401K plan") of the decedent, Stephen Gallagher ("Decedent" or "Gallagher"). The 401K plan is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*.[1]

[1] Plaintiff's Complaint originally named EMC Corporation ("EMC") as a defendant; EMC was Decedent's employer at the time of his death and is, presumably, the 401K plan administrator. Despite the fact that EMC has not released the funds from Decedent's 401K plan, Plaintiff voluntarily dismissed EMC from this action in accordance with Fed.R.Civ.P. 41(a)(1)(A)(i). *See Notice Of Voluntary Dismissal Of Defendant EMC Corporation* (Docket No. 12). EMC *Complaint,* at ¶30. At the same time, the relief Plaintiff seeks is an order that the 401K plan funds be released to him and a declaratory judgment that he is entitled to all current and future rights to any funds. *Complaint*, at p. 5. Although it is not apparent from the pleadings, given the current state of the record, the Court assumes that the prevailing party will present EMC with this Court's order for purpose of obtaining release of the funds.

Defendant has file a motion to dismiss on that grounds that, as a matter of law, under ERISA, as Decedent's "surviving spouse", she is entitled to the Decedent's 401(k) plan retirement benefits in the form of a survivor annuity[2]. *See Def. Debra Gallagher Mot. to Dismiss* Rule 12(b)(6) (Docket No. 4)("*Def's Mot.*").

## **Facts**

*Defendant's Inclusion Of Extrinsic Evidence*

Plaintiff asserts that Defendant has improperly incorporated issues of material fact into the motion to dismiss. *Reply To Def's Mem. In Sup. Of Her Mot. Under FRCP 12(b)(6)* (Docket No. 18), at p. 4 The gist of Plaintiff's argument is a little vague and confusing, but the Court will assume that Plaintiff is suggesting that because Defendant relied on materials outside of the pleadings in support of her motion to dismiss, the motion should be converted into a motion for summary judgment and if so, genuine issues of material fact require that such motion be denied. For the reasons set forth below, I find that the motion need not be converted into one for summary judgment and therefore, the proper standard of review is that applicable to a motion to dismiss for failure to state a claim.

Defendant has submitted the following extrinsic materials with her motion to dismiss: (1) a personal affidavit setting forth facts supporting her motion to dismiss, *see Def's Mot,* at *Ex. A* ("*Def's Affidavit"*); (2) a copy of the marriage certificate of her and the Decedent, *id.*; and (3) a copy of the relevant ERISA statutory provisions, *id.*, at *Ex. B.* Where a party filing or opposing a motion to dismiss under Rule 12(b)(6) presents matters outside the pleadings *which are considered by the court*, the motion to dismiss will be treated as one for summary judgment in accordance with Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b)(6); *Trans-Spec Truck Serv. Inc. v. Caterpillar, Inc.,* 524 F.3d 315, 321 (1st Cir. 2008). However, courts may consider those

[2] The exact nature of the "survivor annuity" referred to by Defendant will be described below.

documents the authenticity of which are not in dispute— such as public records, or documents substantially incorporated into a complaint by reference—without converting the motion into one for summary judgment. *Id.* The marriage certificate is one such document. Inclusion of a copy of the relevant ERISA statute was presumably a courtesy to the Court and would not require that the motion be converted to one for summary judgment. Inclusion of the affidavit is more troublesome. While most of the facts asserted in the *Def's Affidavit* are not in dispute, Plaintiff asserts that are factual disputes relating to the Defendant's and Decedent's separation. At the same time, none of the supplemental facts asserted in the *Def's Affidavit* are necessary for purposes of deciding the motion to dismiss and therefore, it has not been considered by the Court. Accordingly, the Court does not find it necessary to convert the Defendant's motion into one for summary judgment.

*Findings of Fact*

Decedent married Defendant in 1974 in Natick, Massachusetts. *Complaint*, at ¶9; *Def's Affidavit*, at *Ex. A* (marriage certificate). They lived together as a married couple until 1989, at which time they separated pursuant to a separation agreement and a court order of separate support. *Id.*, at ¶11 and *Ex. A*. Decedent paid spousal support to Defendant for the remainder of his life. *Id.*, at ¶16. Decedent and Defendant never again lived together; they filed their tax returns separately and had not spoken for years prior to his passing. *Id.*, at ¶¶ 13, 17. It is undisputed that Decedent and Defendant never finalized a divorce decree.

Since the separation, Defendant has lived as an unmarried individual, claiming benefits as an unwed person. *Id.*, at ¶14. She receives and/or has received assistance from various state and federal programs on the basis that she is an unwed individual. *Id.*, at 15. At the same time, throughout this entire period, she received spousal support from the Decedent. *Id.*, at ¶16.

After separating from Defendant, Decedent began working at Data General Corporation (now owned by EMC Corporation). *Id.*, at ¶18. While at Data General, he began funding a retirement account; in 1999, Decedent's 401K plan retirement account was taken over by EMC. *Id.*, at ¶¶19, 20. It is undisputed that the 401K plan into which Decedent contributed is governed by ERISA.

On July 14, 2005. Decedent designated the Plaintiff as the sole beneficiary of his 401K plan account. *Id.*, at ¶21 and *Ex. B.* Decedent's intent was that all of the funds in that account go to his son, the Plaintiff. He was never informed that in accordance with ERISA, Defendant may be entitled to any or all of the funds as a surviving spouse. *Id* Decedent passed away on October 11, 2011, survived by his estranged wife (Defendant), and his son (Plaintiff). *Id.*, at ¶¶7-8.

**Discussion**

*Standard of Review*

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that

plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). Therefore, under the *Twombly* standard, Plaintiff's claim must clear two hurdles, (1) the pleaded facts must contain sufficient particularity to be plausible, and (2) they must also, if assumed to be true, establish a prima facie case for relief.

<u>*Standing*</u>

Defendant essentially asserts that Plaintiff's Complaint should be dismissed because he lacks standing to bring this suit under 29 U.S.C. §§ 1132(a)(1), (a)(3). *Citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct 148 (1989). Defendant's contention is that Plaintiff has no colorable claim to the survivor annuity as he is not, in absence of a written consent from Defendant, a designated beneficiary as defined by 29 U.S.C. §§ 1002(7)-(8).

Section 1132(a)(2) provides that in order bring suit under ERISA, a plaintiff must qualify as either a participant, a beneficiary or a fiduciary (or be the Secretary of Labor) within the meaning of section 1132(a) of the statute. *See* 29 U.S.C. § 1132(a). Thus, the Plaintiff must qualify under one of the above-mentioned classes in order to have standing to bring an ERISA claim. If the Plaintiff can show that he qualifies as either a participant, beneficiary, or fiduciary, ERISA authorizes him to bring a civil action. There are a myriad of reasons why the Plaintiff has standing to pursue this action, but I will limit my discussion to the most obvious. The Decedent named the Plaintiff as the sole beneficiary of his 401(k) Plan; consequently, the Plaintiff has at least a colorable claim that he is entitled to receive Decedent's 401(k) plan retirement benefits.

*Whether Defendant is Decedent's Spouse For Purposes Of ERISA And Thus Entitles To A Qualified Preretirement Survivor Annuity*

Defendant asserts that Plaintiff's Complaint must be dismissed because as Decedent's surviving spouse, under ERISA, she is entitled to a "qualified preretirement survivor annuity" ("QPSA") as a matter of law. *See* 29 U.S.C. §1055(a)(2). Defendant further asserts that ERISA compels this result regardless of the fact that: (1) Decedent and she were legally separated and had no relationship for over twenty years; and (2) Decedent named the Plaintiff as the sole beneficiary of his 401(k) plan—a designation which was made after she and Decedent had separated.

Both parties agree that the applicable ERISA provision provides, in pertinent part, as follows:

> Each pension plan to which this section applies shall provide that--
>
> **(1)** in the case of a vested participant who does not die before the annuity starting date, the accrued benefit payable to such participant shall be provided in the form of a qualified joint and survivor annuity, and
>
> **(2)** in the case of a vested participant who dies before the annuity starting date and who has a surviving spouse, a qualified preretirement survivor annuity shall be provided to the surviving spouse of such participant.

29 U.S.C. § 1055(c)(2). The plan participant cannot designate an alternative beneficiary without the informed, written consent of such participant's spouse. *Id.* [3] Put another way, a pensioner's designation of a person other than a lawful spouse is ineffective when it is made without the

[3] The spousal consent requirement was passed into law as part of the Retirement Equity Act of 1984 (REA), Pub. L. 98-397, 98 Stat. 1426, which amended ERISA, to ensure that long-term homemakers who contribute to a household's financial security would have a voice as well as a stake in the dispensation of retirement benefits. *See id.* In doing so, Congress intentionally created a very strong presumption in favor of spouses. *Id.* There is an exception where there is a Qualified Domestic Relations Order ("QDRO"). *See* 29 U.S.C. §§ 1056(d)(3), 1144(b)(7). However, the court order of separate support which Plaintiff has attached to his Complaint does not, as a matter of law, qualify as a QDRO.

lawful spouse's written permission.[4] Therefore, the primary issue before the Court is whether, as a matter of law, Defendant is a "surviving spouse" within the meaning of Section 1055(c)(2).

A secondary issue is the amount of Decedent's retirement benefits to which Defendant would be entitled if the Court determines she is a surviving spouse. If the Court determines that Defendant was Decedent's surviving spouse within the meaning of ERISA at the time of his death and that under ERISA she is the sole lawful beneficiary entitled to all of the QPSA, then Plaintiff has failed to state a plausible claim and the motion to dismiss will be granted. However, if the Court determines that she is *a* lawful beneficiary of Decedent's 401(k) plan entitled to only a portion of the QPSA, or that she was not Decedent's surviving spouse at the time of his death for purposes of ERISA, then Plaintiff has stated a plausible claim for all or part Decedent's retirement benefits under the 401(k) plan and the motion to dismiss will be denied.

Plaintiff asserts given that the word "spouse" is undefined in ERISA, that term should be defined in accordance with Massachusetts state law. Plaintiff is correct— there is no federal domestic relations law, and marriage and divorce are traditional subjects of state regulation— therefore, the determination of who is a lawful spouse for purposes of ERISA is made in accordance with state law.[5] *See Tkachik v. Comerica Inc.*, 2006 WL 3825068 (E.D. Mich. 2006); *Lefkowitz v. Arcadia Trading Co. Benefit Pension Plan*, 996 F.2d 600 (2d Cir. 1993); *Davis v. College Suppliers Co.*, 813 F. Supp. 1234 (S.D. Miss. 1993). In support of his position, that under Massachusetts law Defendants would not be a lawful beneficiary of Decedent's 401(k) plan, Plaintiff cites Massachusetts's domestic relations law which prevents surviving spouses

[4] Although for purposes of this discussion, it can be assumed that the Defendant did not execute such a consent, that fact is not properly before the Court and therefore, no finding to this effect has been made.

[5] Defendant is correct that because this case is governed by ERISA, all related state law claims would be subject to complete preemption. In this case, Plaintiff is not alleging any state law claims. Rather, as noted above, the Court will look to state law simply to provide a definition for the term "spouse." Because this is a federal question case, federal common law governs for purposes of determining the choice of what state law applies. However, in this case, there is no dispute that Massachusetts state law applies.

from taking an elective share of an estate after a court enters an order of separate support. Mass.Gen.L. ch. 191, § 15; Mass.Gen.L. ch. 209, § 36. However, Plaintiff's argument is misplaced—the Court will look to state law only for purposes of determining whether Defendant was Decedent's lawful "spouse"— terms of the 401(k) plan, subject to ERISA, govern to whom benefits are distributed. In other words, that Massachusetts law provides that the "spouse" cannot take an elective share of an estate after an entry of an order of separate support is irrelevant to the ultimate issue before me because this is exactly the type of state statutory scheme which would be completely preempted by ERISA.

Plaintiff essentially argues that the undisputed existence of a longstanding separation agreement and order of separate support between Defendant and Decedent should be found substantial enough to render their marriage "a nullity" for purposes of ERISA. However, Plaintiff has not cited to any Massachusetts cases, or cases from any other jurisdiction for that matter, which hold that under equivalent circumstances, a person in Defendant's position would no longer be considered a legal "spouse". Furthermore, the vast weight of authority, if not the entirety of the courts that have addressed the issue, have concluded that "the common law meaning of 'spouse' is settled, straightforward, and dispositive: 'spouse' means a man or woman joined in wedlock, in short, one's husband or wife." *Kahn v. Kahn,* 801 F.Supp. 1237, 1241 (S.D.N.Y. 1992) (citing *Black's Law Dictionary* (5th Ed.1979) and *Webster's Third New International Dictionary*); *see also Davis v. College Suppl. Co.* 813 F.Supp. 1234 (D.Miss. 1993)(plaintiff separated from decedent in 1984 and decedent filed for divorce in 1986—when decedent died in 1991, divorce was not final because court refused to grant final divorce due to property division issues; court found that plaintiff was decedent's spouse for purposes of ERISA

and therefore, entitled to survivor annuity); *In re Lefkowitz*, 767 F.Supp. 501 (S.D.N.Y.1991)(rejecting that "spouse" can be determined by quality of marriage).

Plaintiff also makes an alternative, equitable argument that Defendant should not qualify as a "spouse," for ERISA purposes, because such a finding would be "demonstrably at odds" with Congress's purpose in enacting provisions to protect plan participants and beneficiaries. Plaintiff suggests that the legislative history of ERISA demonstrates that Courts should consider equitable factors when interpreting its provisions. In support of his position, Plaintiff cites to *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 102 S.Ct. 3245 (1982). *Griffin* provides for an 'equitable safety valve'—that is, the Court is allowed to weight equitable considerations--where strict interpretation of statutory language would produce "absurd results" at odds with Congressional intent. *Griffin*, 458 U.S. at 575, 102 S.Ct. 3245. However, the Supreme Court in *Griffin* made clear in its decision that the 'safety valve' a narrow exception to be utilized in only very limited circumstances when: (1) the plain meaning of a statute produces "absurd results," *and* (2) the language of a statute allows for multiple interpretations. *Id.*

Certainly, Defendant, although legally married to the Decedent at the time of his death, would not be typical of the class of persons whom Congress intended to benefit when, as part of REA, it amended ERISA to strengthen its surviving spouse provision. The object of the amendment was to better protect women who had contributed to their marriage's financial security through their work in the home and anticipated sharing in pension income received upon their husband's retirement. Such women are left inescapably dependent on their husband's earnings and face potentially disastrous financial consequences if their husband dies, or they are divorced. Nonetheless, Plaintiff has failed to establish that applying the plain meaning of the statute would produce an "absurd" result. It is not beyond the pale that in circumstances such as

exist in this case a non-working spouse would agree to a minimal long term support order with the understanding that upon the working spouse's death, s/he would be entitled to receive survivor benefits. Additionally, Plaintiff has failed to establish that the relevant statutory language is unclear and allows for multiple interpretations. For these reasons, the *Griffin* exception does not apply.

I find that applying the plain meaning of the word "spouse," Defendant (1) was still married to Decedent as the time of his death, and (2) is a surviving spouse for the purposes of ERISA. However, neither party has focused on the actual terms of the 401(k) plan. It is entirely unclear to the Court whether the plan at issue is a "defined benefit plan" as defined in 29 U.S.C. §1055(b)(1)(A)— thereby entitling Defendant to a QPSA as calculated under subsection 1055(e)(1)— or an "individual account plan or participant," as defined in subsection 1055(b)(1)(B) or 1055(b)(1)(C)— thereby entitling her to a QPSA of only fifty percent of the benefits accrued. *See* 29 U.S.C. §1055(e)(2). If the latter, then she, as a surviving spouse, is a fifty percent beneficiary and the Plaintiff is a fifty percent beneficiary. *See Lucaskevge v. Mollenberg*, No. CIV-87-461E, 1989 WL 83197 (W.D.N.Y. 1989); *see also Gallagher v. Park West Bank and Trust Co.*, 921 F.Supp. 867 (D.Mass. 1996).

For the reasons set forth above, I find that Defendant is entitled to at least fifty percent (50%) and perhaps all of the survivor annuity. Because on the record before me I cannot say that she is entitled to the entire QPSA as a matter of law, I am denying Defendant's motion to dismiss. In any event, this and any other remaining issues are best addressed by way of motion(s) for summary judgment.

## Conclusion

For the foregoing reasons, Defendant Debra Gallagher's Motion to Dismiss (Docket No. 4) is ***denied***.

*/s/ **Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE